United States District Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, § § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-1057 |
| § | |
| NIDEC MOTOR CORPORATION; fka EMERSON ELECTRIC CO., *et al*, § § § | |
| Defendants. § | |

## ORDER

Pending before the Court is the Defendant Nidec Motor Corporation's ("Nidec") Motion to Dismiss (Doc. No. 7). The Plaintiff Chubb Lloyd's Insurance Company ("Chubb") did not file a response. After considering the motion, briefing, and applicable law, the Court grants the motion.

### I. Background

This case arises out of a house fire that rendered a home that Chubb insured a total loss. Chubb alleges that the fire originated in the home's "mechanical closet, and within one of the two" air handlers manufactured by Defendant Lennox Industries Inc. ("Lennox"). (Doc. No. 1-3 ¶ 14). Chubb also alleges that the fire specifically originated "in the Lennox unit's motor manufactured by Nidec." (*Id.* at ¶ 15). Chubb sued both Lennox and Nidec in Texas state court for strict products liability, negligence, and breach of warranty. The defendants removed to this Court and Nidec has moved to dismiss the breach of warranty claims against it.

### II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within 21 days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed long ago. Therefore, the local rules would allow the Court to grant Nidec's motion as it should be considered unopposed. Nevertheless, the Fifth Circuit has explained that, although it "has recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). Nidec's motion to dismiss is dispositive of Chubb's breach of warranty claims, so the Court will analyze its merits.

### III.   Analysis

Chubb's state court petition does not allege facts that state a plausible claim of breach of express warranty or breach of implied warranty. Chubb merely recites the elements of each cause of action, without pleading facts or even differentiating between which of the defendants Chubb

alleges made alleged warranties. This is plainly not enough to meet the pleading standard because Chubb has not alleged any factual content with regard to these causes of action. Accordingly, the motion to dismiss is granted.

### IV.   Conclusion

For the foregoing reasons, Nidec's motion to dismiss Chubb's claims of breach of express and implied warranties against it is hereby granted (Doc. No. 7).

Signed at Houston, Texas, this 31st day of August, 2021.

```
                                                    Andrew S. Hanen
                                                    United States District Judge
```